# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
June 1, 2004 Session

## STATE OF TENNESSEE v. ROBERT L. LEACH, JR.

**Automatic Appeal from the Court of Criminal Appeals**
**Criminal Court for Davidson County**
**No. 99-D-2508     J. Randall Wyatt, Judge**

---

**No. M2001-01421-SC-DDT-DD - Filed September 8, 2004**

---

ADOLPHO A. BIRCH, JR., J., concurring and dissenting.

I concur in the conclusion of the majority that Leach's convictions should be affirmed. As to the sentences of death, however, I continue to adhere to my views that the comparative proportionality review protocol currently embraced by the majority is inadequate to shield defendants from the arbitrary and disproportionate imposition of the death penalty. See Tenn. Code Ann. § 39-13-206(c)(1)(D) (1995 Supp.). I have repeatedly expressed my displeasure with the current protocol since the time of its adoption in State v. Bland, 958 S.W.2d 651 (Tenn. 1997). See State v. Holton, 126 S.W.3d 845, 872 (Tenn. 2004) (Birch, J., concurring and dissenting); State v. Davidson, 121 S.W.3d 600, 629-36 (Tenn. 2003) (Birch, J., dissenting); State v. Carter, 114 S.W.3d 895, 910-11 (Tenn. 2003) (Birch, J., dissenting); State v. Reid, 91 S.W.3d 247, 288-89 (Tenn. 2002) (Birch, J., concurring and dissenting); State v. Austin, 87 S.W.3d 447, 467-68 (Tenn. 2002) (Birch, J., dissenting); State v. Stevens, 78 S.W.3d 817, 852 (Tenn. 2002) (Birch, J., concurring and dissenting); State v. McKinney, 74 S.W.3d 291, 320-22 (Tenn. 2002) (Birch, J., concurring and dissenting); State v. Bane, 57 S.W.3d 411, 431-32 (Tenn. 2001) (Birch, J., concurring and dissenting); State v. Stout, 46 S.W.3d 689, 720 (Tenn. 2001) (Birch, J., concurring and dissenting); Terry v. State, 46 S.W.3d 147, 167 (Tenn. 2001) (Birch, J., dissenting); State v. Sims, 45 S.W.3d 1, 23-24 (Tenn. 2001) (Birch, J., concurring and dissenting); State v. Keen, 31 S.W.3d 196, 233-34 (Tenn. 2000) (Birch, J., dissenting); State v. Chalmers, 28 S.W.3d 913, 920-25 (Tenn. 2000) (Birch, J., concurring and dissenting); State v. Bland, 958 S.W.2d at 679 (Birch, J., concurring and dissenting). As previously discussed, I believe that the three basic problems with the current proportionality analysis are that: (1) the proportionality test is overbroad,[1] (2) the pool of cases used

---

[1]I have urged adopting a protocol in which each case would be compared to factually similar cases in which *either* a life sentence or capital punishment was imposed to determine whether the case is more consistent with "life" cases or "death" cases. See State v. McKinney, 74 S.W.3d at 321 (Birch, J., concurring and dissenting). The current protocol allows a finding proportionality if the case is similar to existing *death penalty* cases. In other words, a case is disproportionate only if the case under review "is plainly lacking in circumstances consistent with those in similar cases in which the *death penalty* has been imposed." Bland, 958 S.W.2d at 665 (emphasis added).

for comparison is inadequate,[2] and (3) review is too subjective.[3]  In my view, these flaws undermine the reliability of the current proportionality protocol.  See State v. Godsey, 60 S.W.3d at 793-800 (Birch, J., concurring and dissenting).  Accordingly, I respectfully dissent from that portion of the majority opinion affirming the imposition of the death penalty in this case.

_____
ADOLPHO A. BIRCH, JR.

---

[2]In my view, excluding from comparison that group of cases in which the State did not seek the death penalty, or in which no capital sentencing hearing was held, frustrates any meaningful comparison for proportionality purposes. See Bland, 958 S.W.2d at 679 (Birch, J., dissenting).

[3]As I stated in my concurring/dissenting opinion in State v. Godsey, "[t]he scope of the analysis employed by the majority appears to be rather amorphous and undefined–expanding, contracting, and shifting as the analysis moves from case to case."  60 S.W.3d 759, 797 (Tenn. 2001)(Birch, J., concurring and dissenting).